UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED, | No. 2:15-cv-0921 WBS CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| S. PEERY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se. On October 6, 2015, the court recommended that this action be dismissed for plaintiff's failure to file an amended complaint as required by this court's August 21, 2015 order. Plaintiff has now filed an amended complaint. Good cause appearing, the October 6, 2015 findings and recommendations will be vacated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5      In order to avoid dismissal for failure to state a claim a complaint must contain more than
6  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
7  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
10 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
11 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
12 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
13 at 678. When considering whether a complaint states a claim upon which relief can be granted,
14 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
15 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
16 U.S. 232, 236 (1974).

17     In his amended complaint, plaintiff alleges, as he did in his original complaint, that
18 correctional officers either stole or destroyed his personal property. As plaintiff was informed
19 when his original complaint was dismissed with leave to amend, the United States Supreme Court
20 has held that an unauthorized intentional deprivation of property by a state employee does not
21 generally constitute a violation of the Due Process Clause of the Fourteenth Amendment.
22 Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff fails to point to anything suggesting
23 deviation from that general rule is warranted here. Because plaintiff fails to state a claim upon
24 which relief can be granted with respect to his allegations of intentional and unauthorized
25 deprivation of personal property, or in any other respect, plaintiff's amended complaint should be
26 dismissed. Because granting leave to amend a second time appears futile, this case should be
27 closed.
28 /////

In accordance with the above, IT IS HEREBY ORDERED that the court's October 6, 2015 findings and recommendations are vacated.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
snee0921.dis